IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| United States of America, | Cr. No. 0:18-1062-CMC |
| v. | |
| Sydney Rashawn Spears, | Opinion and Order |
| Defendant. | |

Defendant seeks relief in this court pursuant to 28 U.S.C. § 2255 and *United States v. Davis*, 588 U.S. __, 139 S.Ct. 2319, 2336 (2019). ECF No. 63. He argues his 18 U.S.C. § 924(c) conviction should be vacated because the *Davis* court held § 924(c) to be "unconstitutionally vague." *Id.* at 4. The Government filed a response in opposition. ECF No. 75. Defendant has not filed a reply, and the time to do so has expired.

I. **Background**

On November 20, 2018, Defendant was charged in an Indictment with five counts: Hobbs Act Robbery, in violation of 18 U.S.C. §§ 1951 (Count 1); possessing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Count 2); unlawfully taking firearms in business inventory that have been shipped and transported in interstate commerce, in violation of 18 U.S.C. §§ 922(u), 924(i), and 2 (Count 3); felon in possession of firearms in and affecting commerce, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e) (Count 4); and possession of stolen firearms, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2) (Count 5). ECF No. 1. Defendant pled guilty to Counts 1 and 2 pursuant to a Plea agreement: Hobbs Act Robbery and a violation of § 924(c). ECF No. 40.

Defendant appeared for sentencing on July 31, 2019, and was sentenced to 168 months, consisting of 84 months as to Count 1 and 84 months as to Count 2, to run consecutively. ECF No. 53. Defendant did not appeal.

## II.     18 U.S.C. § 924(c)

Title 18 U.S.C. § 924(c) provides that a defendant shall be subject to a consecutive sentence if he or she, "during and in relation to any crime of violence or drug trafficking crime. . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm. . . ." 18 U.S.C. 924(c).

The statute defines a "crime of violence" as:

an offense that is a felony and –
(A) has an element the use, attempted use, or threatened use of physical force against the person or property of another, or
(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). The first clause is known as the "force" clause, while the second is the "residual" clause. *United States v. Fuertes*, 805 F.3d 485, 498 (4th Cir. 2015).

The Fourth Circuit has held *conspiracy* to commit Hobbs Act Robbery cannot qualify as a crime of violence under the force clause of §924(c)(3)(A). *United States v. Simms*, 914 F.3d 229, 233-34 (4th Cir. 2019). The *Simms* court also concluded the residual clause of §924(c)(3)(B) is unconstitutionally vague and therefore void. *Id.* at 236.

On June 24, 2019, the Supreme Court decided the residual clause of § 924(c)(3)(B) is void for vagueness. *United States v. Davis*, 588 U.S. __, 139 S.Ct. 2319, 2336 (2019). In doing so, the

Court rejected application of a case-specific approach for § 924(c) and applied the categorical approach. *Id.*

### III. Discussion

In his motion, Defendant argues that his § 924(c) conviction cannot stand because § 924(c) has been invalidated by the Supreme Court. ECF No. 63. He further contends Hobbs Act Robbery is not a crime of violence under the elements (or "force") clause of § 924(c) because the offense can be committed by causing fear or future injury to property, which does not require physical force within the meaning of §924(c). *Id.* at 4. He notes a district court in California held Hobbs Act Robbery is not a crime of violence, and this has been appealed to the Ninth Circuit and may eventually be decided by the Supreme Court. *Id.* at 5. In response, the Government argues that *Davis* did not affect the force clause of § 924(c), and Hobbs Act Robbery satisfies the force clause under Fourth Circuit precedent and therefore is a proper predicate offense. ECF No. 75.

Defendant's underlying conviction, upon which his § 924(c) conviction was based, was substantive Hobbs Act Robbery. Binding precedent in the Fourth Circuit makes clear substantive Hobbs Act Robbery remains a crime of violence under the force clause of § 924(c)(3)(A). *United States v. Mathis*, 932 F.3d 242 (4th Cir. 2019). Defendant is correct a District Judge in California, in 2019, found Hobbs Act Robbery is not a crime of violence under the force clause of § 924(c)(3), and vacated counts of § 924(c) predicated on Hobbs Act Robbery. *United States v. Chea*, No. 98-cv-2005-1, 2019 WL 561085, at *10 (N.D. Cal. Oct. 2, 2019). However, the Fourth Circuit's ruling in *Mathis* is binding precedent on this court absent a Supreme Court ruling to the contrary. Therefore, Defendant's challenge to his § 924(c) conviction fails.

3

IV. **Conclusion**

As Defendant's §924(c) conviction was based on substantive Hobbs Act Robbery, he is not entitled to relief under *Davis*. Defendant's § 2255 motion challenging his § 924(c) conviction (ECF No. 63) is dismissed with prejudice.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

IT IS SO ORDERED.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
August 17, 2020